Locke
 
 — Judge,
 

 delivered the opinion of the court. ' The contract between Wilcox and Morris was in the nature of a mortgage, and the property sold under the execution is redeemable. No particular words or form of conveyance are necessary to give to the contract the qualities of a mortgage. It may be laid down as a general rule subject to few exceptions. that wherever a conveyance or assignment of an estate- is originally iutended as a security for money, whether this intention appear from the deed itself or any other instrument, it is always considered in equity as a mortgage, and the estate redeemable, even though there be an express agreement of the parties, that it shall not be redeemable, or that the right- of redemption shall be confined to a particular time, or to a particular description of persons. A Court of Equity, in applying this rule to particular cases, will oft ,{en ascertain the fact whether the conveyance was intended as a security for money, however absolute it may appear ; and will lay hold of all the circumstances of the transaction to ascertain this fact; such as the value of the estate conveyed and the sum given therefor, the bargainee not being let into the immediate possession of the estate, his accounting for the rents and profits to the bargainor, &c. Ip the present case there was a special agreement in writing that the complainant should be at liberty to redeem the property when the debt was paid. We are also of opinion that the account referred to ought not to be set aside, there being no evidence of any fraud or imposition practised on Morris. The suggestion of bis old age and imbecility of mind is not sufficient to set the account aside
 
 ;
 
 but leave is given to surcharge and falsify the same. As to the third point, ws think the bill ought to be dismissed ás to the sub-purchasers Without notice of the trust j but as to the representatives of
 
 *118
 
 '^cCIain the agent, the bill ought to be retained, that an ao count may be taken of the money which he received, great °f which complainant alledges was never by him accounted for to his principal. Let this account be taken and the bill, as to sub-purchasers^ without notice of the trust, be dismissed with costs,